**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GENUS LIFESCIENCES, INC.,                )<br><br>                  Plaintiff,                )<br><br>          v.                )<br><br>ALEX AZAR, U.S. DEPARTMENT OF          )<br>HEALTH AND HUMAN SERVICES,          )<br>STEPHEN HAHN, and U.S. FOOD AND          )<br>DRUG ADMINISTRATION,          )<br><br>                  Defendants.          )<br> | Case No. 1:20-cv-00211-TNM |

## LANNETT CO., INC.'S UNOPPOSED MOTION TO INTERVENE

# TABLE OF CONTENTS

1.  Introduction ........................................................................................................1

2.  Background ........................................................................................................1

3.  Procedural History ...........................................................................................2

4.  Argument ...........................................................................................................3

    a.  Article III Standing ...................................................................................4

    b.  Intervention of Right .................................................................................4

        i.  The Motion to Intervene as of Right Is Timely............................5

        ii.  Lannett Has Significant Legally Protected Interests in the Case ...............6

        iii.  This Action Threatens Lannett's Interests .................................6

        iv.  FDA Is Unable to Adequately Represent Lannett's Interests....................7

    c.  Permissive Intervention ...........................................................................8

        i.  There Is Independent Subject Matter Jurisdiction.......................9

        ii.  This Motion to Intervene Permissively Is Timely and There Is No Undue Delay or Prejudice ........................................................9

        iii.  There Are Common Questions of Law and Fact ....................................10

5.  Conclusion ......................................................................................................10

4844-5068-1012.4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akiachak Native Cmty. v. U.S. Dep't of Interior*,
  584 F. Supp. 2d 1 (D.D.C. 2008) ..........................................................................5

*Apotex Inc. v. U.S. Food & Drug Admin.*,
  508 F. Supp. 2d 78 (D.D.C. 2007) ....................................................................5, 6

*Biovail Corp. v. U.S. Food & Drug Admin.*,
  519 F. Supp. 2d 39 (D.D.C. 2007) ........................................................................5

*Crossroads Grassroots Political Strategies v. Fed. Election Comm'n*,
  788 F.3d 312 (D.C. Cir. 2015) ...........................................................................4, 8

*Depomed, Inc. v. U.S. Dep't of Health & Human Servs.*,
  66 F. Supp. 3d 217 (D.D.C. 2014) ........................................................................8

*Equal Emp't Opportunity Comm'n v. National Children's Ctr., Inc.*,
  146 F.3d 1042 (D.C. Cir. 1998) .........................................................................8, 9

*Fund for Animals, Inc. v. Norton*,
  322 F.3d 728 (D.C. Cir. 2003) .......................................................................4, 7, 8

Hi-Tech Pharmacal Co. v. U.S. Food & Drug Admin.,
  587 F. Supp. 2d 1 (D.D.C. 2008) ..........................................................................5

MD Pharm., Inc. v. Drug Enforcement Admin.,
  133 F.3d 8 (D.C. Cir. 1998) ..................................................................................6

*Mova Pharm. Corp. v. Shalala*,
  140 F.3d 1060 (D.C. Cir. 1998) ....................................................................5, 6, 7

*Nat. Resources Def. Council v. Costle*,
  561 F.2d 904 (D.C. Cir. 1977) ..............................................................................7

Smoke v. Norton,
  252 F.3d 468 (D.C. Cir. 2001) ..............................................................................5

*Textile Workers Union Am., CIO v. Allendale Co.*,
  226 F.2d 765 (D.C. Cir. 1955) ..............................................................................9

*Trbovich v. United Mine Workers*,
  404 U.S. 528 (1972) ...............................................................................................7

ii

*U.S. v. AT&T,*
   642 F.2d 1285 (D.C. Cir. 1980) .......................................................................7

*Wilderness Soc. v. Babbitt,*
   104 F. Supp. 2d 10 (D.D.C. 2000) ................................................................5

**Statutes**

21 U.S.C. § 355(b)(2) ........................................................................................2

21 U.S.C. § 355(c)(3)(E)(ii) .........................................................................1, 6

**Other Authorities**

Fed. R. Civ. P. 24 .............................................................................................1

Fed. R. Civ. P. 24(a) .......................................................................... 1, 3, 4, 6, 10

Fed. R. Civ. P. 24(b) .......................................................................... 1, 3, 8, 9, 10

Fed. R. Civ. P. 24(b)(3) ...................................................................................8

4844-5068-1012.4

1.      **Introduction**

Proposed intervenor Lannett Co., Inc. ("Lannett") submits this memorandum in support of its motion to intervene as a defendant in this action pursuant to Federal Rule of Civil Procedure 24. Lannett seeks to participate fully as a defendant in this action, and if this motion is granted, will comply with the Scheduling Order entered by the Court on February 10, 2020.

In the underlying lawsuit, Plaintiff Genus Lifesciences, Inc. ("Genus") is asking the Court to overturn the U.S. Food and Drug Administration's ("FDA") approval of Lannett's New Drug Application ("NDA") for Numbrino as a violation of Genus's New Chemical Entity ("NCE") exclusivity. *See* 21 U.S.C. § 355(c)(3)(E)(ii). Because Lannett has significant interest in maintaining approval of its drug, Numbrino, it has a right to intervene in this action pursuant to Fed. R. Civ. P. 24(a) as set forth below. Additionally, Lannett meets the requirements for permissive intervention under Fed. R. Civ. P. 24(b), as also set forth below.

Pursuant to Rules of the United States District Court for the District of Columbia LCvR 7(m), Lannett has conferred with counsel for Plaintiff Genus Lifesciences, Inc. and counsel for the Federal Defendants regarding this motion. Counsel for the Federal Defendants stated they will not oppose intervention. Counsel for Genus stated they will not oppose the motion if Lannett does not seek to alter the Court's Scheduling Order which, as noted above, Lannett agrees not to do.

2.      **Background**

Lannett is a pharmaceutical company that develops and sells various brandname and generic drugs. Lannett has a significant right and interest in this lawsuit because Lannett holds the NDA that Genus seeks in its complaint to have this Court invalidate. If Genus's suit succeeds, Lannett's interests would be injured in multiple ways. First, FDA would be forced to

1

rescind approval for Lannett's NDA in view of the active NCE exclusivity, and Lannett would not be permitted to resubmit an NDA. Rather, Lannett would have to file an Abbreviated New Drug Application ("ANDA") and only after the NCE exclusivity submission bar expired on December 14, 2022. This would delay Lannett's sale of Numbrino by years. Cavanaugh Decl. ¶¶ 4-6. Second, such revoked approval would permit other applicants to enter the market at the same time as Lannett. Cavanaugh Decl. ¶ 7. Once the NCE exclusivity expires, any drug manufacturer, not just Lannett, will be allowed to submit ANDAs for the cocaine hydrochloride drug product. This would eliminate Lannett's current competitive advantage gained through its timely submission of its NDA and approval thereof by FDA.

### 3.    Procedural History

On November 23, 2016, the FDA accepted Genus's 21 U.S.C. § 355(b)(2) NDA for a cocaine hydrochloride nasal spray drug product. While Genus's application was pending, but before it was approved, FDA accepted Lannett's 21 U.S.C. § 355(b)(2) NDA for an analogous drug product named Numbrino by December 1, 2017. Genus's NDA was approved on December 14, 2017. While processing Lannett's application, FDA issued a Complete Response Letter ("CRL"), requesting additional information from Lannett. This information was duly supplied and FDA approved Lannett's NDA on January 10, 2020. *See* NDA Approval Letter, dated January 10, 2020, attached as Exhibit 1.

Unhappy with the FDA decision to accept Lannett's NDA, Genus filed its First Citizen Petition on February 1, 2019. In it, Genus requested that (1) FDA refuse to accept any submissions from Lannett regarding their NDA, (2) treat as withdrawn any submissions accepted after Genus's NCE exclusivity commenced, and (3) consider Lannett's NDA as withdrawn. The FDA denied Genus's First Petition on July 1, 2019, concluding its regulations and policies

2

supported its decisions regarding Lannett's NDA. *See* FDA Citizen Petition Response Letter, dated July 1, 2019, attached as Exhibit 2.

Still displeased, Genus submitted a Second Citizen Petition on August 14, 2019. This time they requested (1) rescission of Lannett's NDA until the expiration of Genus's NCE exclusivity, and then only if Lannett included the same studies performed by Genus; and (2) rescission of the acceptance of the additional materials Lannett submitted to the FDA in reply to the CRL. Later amendments to Genus's Second Citizen Petition also requested that FDA refuse to accept any NDA submitted without the same studies performed by Genus, and that FDA only accept another NDA submission from Lannett for this drug product if it includes the same renal and hepatic toxicity studies performed by Genus.

On January 10, 2020, FDA approved Lannett's NDA for Numbrino. *See* Exhibit 1. On the same day Lannett's NDA was approved, FDA denied Genus's Second Petition as well. *See* FDA Citizen Petition Response Letter, dated January 10, 2020, attached as Exhibit 3. As a result, Genus chose not to seek administrative reconsideration of the denials of its Citizen Petitions, and, instead, filed this lawsuit against the Federal Defendants.

### 4.     Argument

Lannett is entitled to intervene as of right in this case. *See* Fed. R. Civ. P. 24(a). Lannett also meets the requirements for permissive intervention under Fed. R. Civ. P. 24(b). Lannett has standing to file this motion, which is timely filed. As detailed below, Lannett has significant interests in this case which are not adequately represented by the current Federal Defendants. Additionally, there will be no prejudice to including Lannett in the case at this early stage of the proceedings.

### a.      Article III Standing

Lannett has Article III standing to intervene in this case. *See Crossroads Grassroots Political Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 316 (D.C. Cir. 2015). This includes injury in fact, causation, and redressability. *See id.; Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 733 (D.C. Cir. 2003) (finding that standing and a party's interest in the litigation is closely connected.). If Genus is successful in this suit, Lannett will lose its NDA and with that, all market share and profits that would result from sales of the drug product. This is sufficient to prove injury in fact. *See Crossroads*, 788 F.3d at 317 (stating "[o]ur cases have generally found a sufficient injury in fact where a party benefits from agency action, the action is then challenged in court, and an unfavorable decision would remove the party's benefit."). This injury is clearly linked to the relief sought by Genus. As such, Lannett has established sufficient standing to bring this motion to intervene.

### b.      Intervention of Right

Fed. R. Civ. P. 24(a) permits intervention as of right when a party has an interest that may not be fully protected by the parties already involved in the litigation. The statute provides "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless pre-existing parties adequately represent that interest". *Id.* A motion to intervene as of right depends on (1) the timeliness of the motion; (2) whether the would-be-intervenor "claims an interest relating to the property or transaction that is the subject of the action"; (3) if the disposing of the motion may hinder the would-be-intervenor's ability to protect that interest; and (4) the already-named parties to the action may not fully represent the interest. *See id.*; *Crossroads*, 788 F.3d at 320;

4

*Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998). These factors should be liberally construed in favor of the intervention. *See Wilderness Soc. v. Babbitt*, 104 F. Supp. 2d 10, 18 (D.D.C. 2000) (citing *Nat. Resources Def. Council v. Costle*, 561 F.2d 904, 910-11 (D.C. Cir. 1977)); *see also Akiachak Native Cmty. v. U.S. Dep't of Interior*, 584 F. Supp. 2d 1, 6 (D.D.C. 2008).

This court has recognized the interests of parties in analogous situations and granted their motions to intervene. *See Mova Pharm.*, 140 F.3d at 1074 (overturning the lower court's denial of Pharmacia & Upjohn Co.'s motion to intervene); *Hi-Tech Pharmacal Co. v. U.S. Food & Drug Admin.*, 587 F. Supp. 2d 1, 7 (D.D.C. 2008) (party allowed to intervene as defendant); *Biovail Corp. v. U.S. Food & Drug Admin.*, 519 F. Supp. 2d 39, 42-43 (D.D.C. 2007) (party allowed to intervene as defendant); *Apotex Inc. v. U.S. Food & Drug Admin.*, 508 F. Supp. 2d 78, 80 n.2 (D.D.C. 2007) (granting Astrazeneca's motion to intervene). Lannett meets all four factors for intervention.

### i.      The Motion to Intervene as of Right Is Timely

Based on the status of this case, Lannett's motion is timely. This is a fact-specific inquiry, and what is "timely" may vary greatly depending on the situation. *See Smoke v. Norton*, 252 F.3d 468, 471 (D.C. Cir. 2001) (citing *U.S. v. AT&T*, 642 F.2d 1285, 1295 (D.C. Cir. 1980)). This case was filed on January 27, 2020, just 19 days before this motion was submitted. *See Mova*, 140 F.3d at 1076 (holding a motion was timely when submitted within weeks of the action being filed). At this time, nothing more than the complaint, attorney appearances, and a scheduling order for summary judgment briefing has been filed, so there is no risk of prejudice to Genus should Lannett's motion be granted. Since the case is in its infancy, Lannett's motion to intervene has been submitted in a timely manner.

5

###### ii.     Lannett Has Significant Legally Protected Interests in the Case

Lannett has significant legally protected interests in preserving its NDA approval for Numbrino, which it could lose as a direct result of the outcome of this case. Courts have previously recognized that drug companies have a "valid interest" in intervening in actions like this where a competitor threatens the would-be-intervenor's ability to market and sell a drug product. *See Mova*, 140 F.3d at 1074 (reversing denial of intervention in case involving market exclusivity); *Apotex*, 509 F. Supp. 2d at 80 n.2 (stating that a pharmaceutical company "easily satisfies the requirements" of Fed. R. Civ. P. 24(a)); *MD Pharm., Inc. v. Drug Enforcement Admin.*, 133 F.3d 8, 12-13 (D.C. Cir. 1998) (finding pharmaceutical companies are interested when they are regulated by the agency action being challenged). Standing is closely linked to having a legally protected interest in the case, and demonstration of standing is sufficient to demonstrate that interest. *See Mova*, 140 F.3d at 1076.

The central issue in this case is whether a NCE exclusivity prohibits a response to a CRL or only original submissions. The FDA, as explained in its denial of both Genus Citizen Petitions, interprets 21 U.S.C. § 355(c)(3)(E)(ii) only to prohibit original submissions. In accordance with this interpretation, FDA accepted Lannett's CRL response and ultimately approved its NDA despite Genus's protests that those actions were improper because they occurred after it acquired its NCE exclusivity. However, as FDA concluded in denying Genus's Citizen Petitions, neither the statute, nor regulations, nor FDA's interpretations thereof support Genus's position.

###### iii.     This Action Threatens Lannett's Interests

If Lannett's motion is denied, and Genus succeeds in the case, Lannett would lose its ability to sell Numbrino. This would result in a loss of significant profits and Lannett's ability to

recoup its significant investments by bringing Numbrino to market. In determining whether an action threatens a would-be-intervenor's interests, the Court looks to the "practical consequences" of denying intervention. *Nat. Resources Def. Council*, 561 F.2d at 909. Rather than engage in the sale of Numbrino immediately, Lannett would be forced to wait until the expiration of the NCE exclusivity and, in 2022, compete with other potential generic drug manufacturers once they can finally submit an ANDA. In addition to losing customers and sales during the period of Genus's NCE exclusivity, forcing Lannett to exit the market would also deprive the public of competitive prices created by having multiple suppliers. *See Mova*, 140 F.3d at 1076 (finding a would-be-intervenor's interests were at risk when there was a chance of lost market share).

### iv.    FDA Is Unable to Adequately Represent Lannett's Interests

Lannett's interests in this case are not adequately represented by the Federal Defendants. A proposed intervenor is only required to show that representation of its interests "may be inadequate," and some shared interests does not guarantee that representation will be adequate. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *see Fund for Animals*, 322 F.3d at 736 ("Although there may be a partial congruence of interests, that does not guarantee the adequacy of representation. As we have recognized, 'interests need not be wholly "adverse" before there is a basis for concluding that existing representation of a "different" interest may be inadequate.") (internal citations omitted). Indeed, "the burden of making that showing should be treated as minimal" and the party opposing the motion bears the burden of showing the current representation is adequate. *Trbovich*, 404 U.S. at 538 n.10; *U.S. v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980). Lannett easily meets this burden. While Lannett is concerned with preserving its NDA, FDA may have concerns that extend beyond

7

Lannett. *See Fund for Animals*, 322 F.3d at 736. Indeed, there may be reasons beyond this case that will guide FDA's litigation strategy.

Courts have recognized that "government entities do not adequately represent the interests of aspiring intervenors" since the agency answers to the American people, not the more individual interests of a company. *Id.*; *see Crossroads*, 788 F.3d at 321. Here, the FDA may have interests that go beyond this suit and may influence the defenses and arguments it asserts. Further, if the FDA decided not to appeal an adverse decision, Lannett would have no other options to participate to defend its interests. This is not an imagined threat: the FDA has previously failed to appeal decisions that adversely affected a pharmaceutical company in order to pursue a different agency goal. *See Depomed, Inc. v. U.S. Dep't Health & Human Servs.*, 66 F. Supp. 3d 217 (D.D.C. 2014).

Because this motion to intervene is timely, and Lannett has significant protectable interests in the case that are not adequately represented by the existing defendants, Lannett is entitled to intervene as of right.

### c.    Permissive Intervention

Lannett also meets the requirements for permissive intervention pursuant to Fed. R. Civ. P. 24(b). Permissive intervention is appropriate where there is (1) an independent basis for subject matter jurisdiction; (2) timeliness of the motion; and (3) a claim or defense that shares a common question of law or fact with the main action. *See id.*, *Equal Emp't Opportunity Comm'n v. National Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (hereinafter "E.E.O.C."). When ruling on permissive intervention, a court should consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P.

24(b)(3). Lannett meets all three elements for permissive intervention and its joining this action would not cause any undue delay or prejudice.

### i.        There Is Independent Subject Matter Jurisdiction

While the requirement for subject matter jurisdiction is not written in the text of Fed. R. Civ. P. 24(b), it has been implied. *See E.E.O.C.*, 146 F.3d at 1046. Here, since Genus is challenging a FDA decision, the case rests on federal question jurisdiction. Lannett has interests that are directly contrary to those of Genus in the FDA decision; Genus in preventing Lannett's NDA and Lannett in preserving it. Thus, if Genus has standing to sue based on an agency decision, Lannett also has standing to protect its interests in that same agency decision. Furthermore, Lannett's strong economic interest in the outcome of the litigation favors intervention. *See Textile Workers Union Am., CIO v. Allendale Co.*, 226 F.2d 765, 769 (D.C. Cir. 1955).

### ii.       This Motion to Intervene Permissively Is Timely and There Is No Undue Delay or Prejudice

For the same reasons as stated above, Lannett's motion to intervene is timely. The complaint was filed on January 27, 2020. There have not been any significant filings made since that time. Additionally, Lannett's entry into this case would not cause prejudice to any of the parties currently named. Rather, Lannett's intervention would "promote judicial and administrative convenience by avoiding a multiplicity of proceedings and by bringing to the aid of the tribunal the parties who 'may know the most facts and can best explain their implications.'" *Id.* at 770.

9

### iii.       There Are Common Questions of Law and Fact

Both Genus's and Lannett's interest in this case lie with the status of the Lannett NDA. While Genus seeks to invalidate its approval, Lannett seeks to preserve it. The facts and legal issues required to resolve this case are common to both Genus and Lannett.

**5.       Conclusion**

For the reasons stated above, the Court should grant Lannett's motion to intervene in this action as a defendant. Lannett has meet all requirements for intervention under Fed. R. Civ. P. 24(a) as well as under Fed. R. Civ. P. 24(b). Furthermore, all parties have told counsel for Lannett that they do not oppose this motion.

Respectfully submitted,

/s/ Lori A. Rubin_____
David A. Hickerson, DC Bar No. 414723
Lori A. Rubin, DC Bar No. 1004240
Paul Joseph, DC Bar No. 448495
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
(202) 672-5300
dhickerson@foley.com
larubin@foley.com

*Attorneys for Lannett Co., Inc.*

Dated: February 14, 2020