**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| GENUS LIFESCIENCES, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00211-TNM |
| | ) | |
| ALEX AZAR, et al., | ) | |
| | ) | |
| *Defendants*, | ) | |
| | ) | |
| LANNETT CO., INC, | ) | |
| | ) | |
| *Intervenor-Defendant*. | ) | |

## STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order ("Protective Order" or "Order") is stipulated and agreed to this 25th day of February, 2020, by Plaintiff Genus Lifesciences, Inc. ("Genus"), Intervenor-Defendant Lannett Company, Inc. ("Lannett"), and Defendants Alex Azar and the United States Food and Drug Administration ("FDA") (collectively, "Federal Defendants") (all together, "the parties") in the above-captioned case.  This Court's review of FDA's decision is limited to the Administrative Record, which the Federal Defendants have agreed to produce to the other parties on an expedited basis.  Certain portions of the Administrative Record contain trade secrets and other confidential research, development, or commercial information owned by Genus and its affiliates, and other portions contain similar information owned by Lannett and its affiliates.  The unrestricted release of such information is likely to cause competitive harm to either Genus or Lannett, respectively.  The Court finds that this Protective Order provides reasonable restrictions on access to such confidential information in the Administrative Record by Genus and Lannett,

and that good cause exists for entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c). Accordingly, the Court orders as follows:

1.	For purposes of the Protective Order, the term "Confidential Information" means (i) any and all trade secrets or other confidential research, development, or commercial information that is protected from public disclosure by law; or (ii) information that the Plaintiff or Intervenor-Defendant, in good faith, identify as trade secret or confidential research, development, commercial, or financial information; or (iii) information that the Federal Defendants, in good faith, identify as trade secret or confidential commercial or financial information that Federal Defendants have a statutory or regulatory obligation to protect, as described in Paragraph 2, below. "Confidential Information" does not encompass information in the public domain.

2.	Defendant FDA is subject to statutory and regulatory restrictions on disclosing a manufacturer's trade secret information and other privileged or confidential commercial or financial information.  *See* Trade Secrets Act, 18 U.S.C. § 1905, the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. § 331(j), and FDA regulations, 21 C.F.R. §§ 20.61, 20.83, 20.86.

3.	This Protective Order shall apply to all documents in the Administrative Record marked as "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER."  Any document in the agency's Administrative Record that contains Confidential Information shall be considered marked as "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" through the notation "CI" in the index for the Administrative Record.  Documents entitled to be designated and marked as "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" shall be limited to documents containing either Genus's or Lannett's Confidential Information (or both).

4.	For a period of five (5) calendar days after being served with the Administrative Record, the parties agree to treat all documents in the Administrative Record as though each were

1

marked "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER." During that time period, upon written notice to all other parties, any party may ask FDA to designate additional documents as "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" pursuant to Paragraph 1 above. If FDA designates additional documents as confidential, the parties agree to treat any additional documents designated "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" the same as other documents marked with this designation.

5. Documents, including any motion, memorandum, or other written submission to the Court, containing or otherwise disclosing Confidential Information shall be submitted in their unredacted format to the Court under seal in accordance with Local Rule 5.1(h).

6. Except as otherwise ordered herein, the documents marked "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" shall be maintained in strict confidence by counsel. Documents marked "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" shall be used only for purposes of this litigation. Documents containing Confidential Information will not be furnished, shown, or disclosed to any person except:

    a. Department of Health and Human Services, including Food and Drug Administration, employees, agents, or attorneys;

    b. Department of Justice attorneys assigned to this action, as well as those attorneys' supporting personnel, including paralegals, IT personnel, and secretarial and clerical personnel;

    c. Attorneys at the law firms for outside litigation counsel of record in this action, as well as those attorneys' supporting personnel, including paralegals, clerks, secretaries, contract attorneys, IT personnel, and clerical personnel;

    d. Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending or qualified court reporters; and

    e. Any other person authorized to receive Confidential Information by order of the Court or by written agreement of the parties.

7. Except as provided above, under no circumstances may Confidential Information or documents containing Confidential Information be made available to any party, member, officer, director, or employee of any party or any other person or entity without a specific order of the Court or upon written agreement of the parties; provided, however, that nothing herein shall restrict any party (or their counsel) with respect to that party's own documents and Confidential Information. That is, a document marked "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" solely because it contains a private party's own Confidential Information need not be treated by that specific party as subject to the terms of this Order.

8. In the event that a party opposes a Confidential Information designation or lack thereof, and if the parties are unable to resolve such dispute informally, the party opposing the confidentiality determination may seek intervention by the Court to determine whether such documents are entitled to protection. The document shall be treated as one containing Confidential Information pending a ruling by the Court.

9. Before disclosing Confidential Information or documents containing Confidential Information to any persons identified in Paragraph 6.e above, counsel shall require such persons to read a copy of the Order and sign a copy of the Confidentiality Agreement, in the form attached hereto as Exhibit 1, affirming that the recipient: (a) has read this Order and understands all of its terms; (b) agrees to abide by and to be bound by the terms of this Order; (c) agrees to submit to the Court's jurisdiction, for purposes of enforcement of this Order by proceedings for contempt

and/or proceedings for legal and/or equitable relief, including damages, for a breach thereof. Counsel shall retain such Confidentiality Agreement until such time as the litigation, including all appeals, is concluded and counsel has retrieved all Confidential Information from the recipient pursuant to Paragraph 17 below.

10. In the event that outside litigation counsel of record for one of the private parties needs to share with their client(s) any documents that have been marked "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER," outside counsel will confer with counsel for the other parties and attempt to coordinate the redaction of any Confidential Information in the document so that the redacted documents can be released from the scope of this Order. The private party seeking to share such a document shall propose initial redactions to the document. The other parties shall have three business days to object to the proposed scope of redactions. In the event of a timely objection, the parties shall confer expeditiously and in good faith to attempt to reach agreement on the scope of redactions. If the parties cannot agree, they shall continue to treat the document as subject to this Order until the issue is resolved by the Court. If a timely objection to the proposed redactions is not received, the party seeking to share the document may treat the redacted document as released from the scope of this Order.

11. Counsel for the private parties shall be responsible for providing a copy of this Order to all persons entitled access to Confidential Information under Paragraph 7 and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated. Counsel are responsible for ensuring that their legal, paralegal, clerical staff, and their experts comply with this Order.

12. The inadvertent or unintended disclosure of confidential documents shall not be deemed a waiver in whole or in part of the claim of confidentiality for any Confidential Information.

13. This Protective Order in no way affects or relieves any party of its responsibility to comply with any federal, state, or local law or regulation. Nothing in this Protective Order alters the rights and/or liabilities of the parties with respect to the litigation.

14. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if each party consents to such disclosure in writing or, if the Court, after notice to all affected parties, orders such disclosures.

15. This Protective Order shall govern all proceedings in this action.

16. Subject to the Federal Rules of Evidence, Confidential Information may be offered at any court hearing, provided that the proponent of the evidence gives reasonable notice to all counsel and to the Court. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions that would prevent unauthorized disclosure.

17. Within 60 days after the final conclusion of all aspects of this litigation, including all appeals, documents marked "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" shall be returned to counsel for the party or person who designated the information as Confidential Information or to the Federal Defendants, or destroyed. The private parties' counsel of record shall make certification of compliance herewith and shall deliver the same to the producing party not more than 60 days after final termination of this litigation. Counsel, including any person who obtained access to the Confidential Information pursuant to this Order, shall be barred from disclosing such information thereafter.

18. The Court may sanction counsel, their staff, or any person who obtained access to the Confidential Information pursuant to this Order, as appropriate for violation of this Order.

19. Counsel may apply to the Court for modification of this Order after reviewing the documents marked "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER." If counsel determine that they intend to apply to the Court for modification of the Order, they shall nevertheless continue to abide by the terms of this Order until the Court makes a final ruling on the issue.

20. This Order shall not prevent or otherwise restrict counsel for any of the parties from rendering advice to their clients with respect to this litigation, and, in the course thereof, conveying to their clients their evaluation, in a general manner, of any Confidential Information; provided, however, in accordance with Paragraph 6 above, that in rendering such advice and otherwise communicating with such clients, counsel shall not disclose any Confidential Information or document that contains Confidential Information. If outside counsel for Genus or Lannett identifies a need to confer with their respective clients regarding documents with Confidential Information, other than in the general manner contemplated by this Paragraph 20, they will use the procedure provided in Paragraph 10 above.

21. To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

22. The termination of this action shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of

this Order until Genus, Lannett, and Federal Defendants agree otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

| | |
|---|---|
| /s/ Andrew D. Prins<br>Philip J. Perry<br>John R. Manthei<br>Andrew D. Prins<br>Ryan S. Baasch<br>LATHAM & WATKINS LLP<br>555 Eleventh Street NW<br>Suite 1000<br>Washington, DC 20004<br>Tel: (202) 637-2200<br>philip.perry@lw.com<br><br>*Attorneys for Plaintiff* | /s/ Lori A. Rubin<br>David A. Hickerson, DC Bar No. 414723<br>Lori A. Rubin, DC Bar No. 1004240<br>Paul Joseph, DC Bar No. 448495<br>FOLEY & LARDNER LLP<br>3000 K Street, N.W., Suite 600<br>Washington, D.C. 20007-5109<br>(202) 672-5300<br>dhickerson@foley.com<br>larubin@foley.com<br><br>*Attorneys for Intervenor-Defendant*<br><br>/s/ Kathleen B. Gilchrist<br>Kathleen B. Gilchrist<br>Trial Attorney<br>Consumer Protection Branch<br>Department of Justice, Civil Division<br>P.O. Box 386<br>Washington, D.C. 20044<br>(202) 305-0489<br>kathleen.b.gilchrist@usdoj.gov<br>DC Bar No. 230445<br><br>*Attorney for Federal Defendants* |

**SO ORDERED.**

Dated: February 26, 2020

TREVOR N. McFADDEN
United States District Judge