# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENUS LIFESCIENCES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALEX AZAR, et al., ) <br> ) <br> Defendants, ) <br> ) <br> v. ) <br> ) <br> LANNETT CO., INC., ) <br> ) <br> Intervenor-Defendant. ) <br> ) | Case No. 1:20-cv-00211-TNM |

## INTERVENOR-DEFENDANT LANNETT CO., INC.'S
## UNOPPOSED MOTION TO FILE UNDER SEAL

Intervenor-Defendant Lannett Co., Inc. ("Lannett"), pursuant to Local Rule 5.1(h), respectfully moves this Court for leave to file under seal an unredacted version of Lannett's Memorandum of Points and Authorities in Support of its Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment ("Lannett's Memo"). The unredacted version is attached hereto as **Exhibit A.** Lannett is filing a redacted, public version today. In support of this Motion, Lannett provides the following statement of points and authorities:

This Motion is pursuant to the terms of the Parties' Stipulated Protective Order, which this Court entered on February 26, 2020 (Dkt. 20). The Stipulated Protective Order provides that documents containing or otherwise disclosing Confidential Information shall be submitted in unredacted format to the Court under seal. Dkt. 20 at ¶ 5. The Stipulated Protective Order defines "Confidential Information" as: "(i) any and all trade secrets or other confidential research, development, or commercial information that is protected from public disclosure by law; or (ii)

information that the Plaintiff or Intervenor-Defendant, in good faith, identify as trade secret or confidential research, development, commercial, or financial information; or (iii) information that the Federal Defendants, in good faith, identify as trade secret or confidential commercial or financial information that Federal Defendants have a statutory or regulatory obligation to protect." *Id.* at ¶ 1.  The Stipulated Protective Order expressly excludes "information in the public domain" from the definition of "Confidential Information." *Id.*

The United States has a "common law tradition of public access to records of a judicial proceeding" that is "not without its time-honored exceptions." *United States v. Hubbard*, 650 F.2d 293, 314 (D.C. Cir. 1980) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)).  When assessing a motion to seal, courts consider six factors derived from the D.C. Circuit's decision in *Hubbard* in determining whether the presumption of public access is overcome:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (citations omitted).

The *Hubbard* factors weigh in favor of sealing here.  Lannett has redacted only small amounts of material from its Memo, and only where necessary.  As to the first factor, the public does not generally have a need or right to confidential and proprietary company data of the type Lannett proposes to file under seal.  As to the second factor, the information redacted herein has not been publicly disclosed previously, to Lannett's knowledge.  As to the third factor, both Lannett and Plaintiff Genus Lifesciences, Inc. ("Genus") object to the disclosure of their respective Confidential Information.  As to the fourth factor, Lannett and Genus have a strong interest in not disclosing competitively sensitive information that outweighs any public interest in access.  *See*

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 671 (D.C. Cir. 2017) ("[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not . . . [used] as sources of business information that might harm a litigant's competitive standing.") (alterations in original) (quoting *Nixon*, 435 U.S. at 598). As to the fifth factor, there is no apparent prejudice to this proposed sealing. Lastly, as to the sixth factor, the Confidential Information is used in support of dispositive briefing, and a redacted, public version is being filed concurrently. The redactions will not hinder the public's ability to understand Lannett's Memo.

Counsel for Lannett has conferred with counsel for Lannett and FDA, who both do not object to this motion.

May 6, 2020

Respectfully submitted,

/s/ Lori A. Rubin
David A. Hickerson, DC Bar No. 414723
Lori A. Rubin, DC Bar No. 1004240
Paul Joseph, DC Bar No. 448495
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
(202) 672-5300
dhickerson@foley.com
larubin@foley.com

*Attorneys for Intervenor-Defendant Lannett Co., Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2020, I served a copy of the foregoing motion, along with the attached Exhibit A and proposed order, on all counsel of record via electronic mail.

/s/ Lori A. Rubin
Lori A. Rubin

4819-5376-2747.1