IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENUS LIFESCIENCES, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> XAVIER BECERRA, et al., <br><br> *Defendants*, <br><br> LANNETT CO., INC. <br><br> *Intervenor-Defendant*. | Case No. 1:20-cv-00211-TNM |

**JOINT STATUS REPORT**

On March 18, 2021, in light of the Defendant Food and Drug Administration's (FDA) action responding to the Court's 60-day remand to FDA in this matter on Count III of Plaintiff Genus Lifesciences, Inc.'s (Genus) Complaint, the Court ordered the parties to submit a Joint Status Report. The following summarizes recent proceedings in this matter, identifies the parties' joint proposal for further proceedings, and then sets forth separate statements by each party regarding the status of the Court's January 27, 2021 order and other issues. As provided below at pages 4 and 6, FDA and Intervenor-Defendant Lannett Company, Inc. (Lannett) both request that the Court set aside the vacatur of FDA's approval of Lannett's new drug application before March 29, 2021, when the current stay on the vacatur will expire.

**Summary of Recent Proceedings**

On September 15, 2020, the Court granted partial summary judgment to Genus as to Count III of its Complaint, and held in abeyance its rulings on Counts I and II. On January 27, 2021, the

1

Court granted Genus's Motion to Complete the Administrative Record with 33 pages that Genus obtained under the Freedom of Information Act, and also vacated FDA's approval of Lannett's new drug application for its drug product Numbrino.  ECF No. 76.  The Court stayed that vacatur for 60 days while remanding to FDA to "reconsider Lannett's application and take actions it deems necessary based on the Court's ruling that every Section 505(b)(2) application must include a patent certification."  ECF No. 76.  The Court then entered a Minute Order on February 3, 2021, recognizing that Genus will likely "file an Amended Complaint and a renewed Motion for Summary Judgment" after FDA acted on remand.  That same Minute Order also denied without prejudice "those portions of the Motions and Cross-Motions for Summary Judgment that were held in abeyance" previously (that is, on Counts I and II of Genus's Complaint).

On March 18, 2021, FDA informed the Court that it had issued its decision on remand, accepted a "no relevant patents" certification from Lannett, and reaffirmed its decision to approve Lannett's application on January 10, 2020.  ECF No. 78.  The Court then directed the parties to submit this Joint Status Report.  Minute Order dated March 18, 2021.

## Proposed Schedule for Motions and Briefing

Genus's New Chemical Entity Exclusivity under 21 U.S.C. § 355(c)(3)(E)(ii) expires on December 14, 2022.  The parties anticipate that all of the remaining issues in this case can be resolved after an expedited round of supplemental filings described below.  The parties propose a schedule for those filings as follows:

- On or before April 5, 2021 Genus will file its Amended Complaint.[1]

---

[1] In light of statements in this Court's February 3 Minute Order, it does not appear necessary for Genus to file a separate Motion for Leave accompanying its Amended Complaint.  *See* Fed R. Civ. P. 15(a)(2).  Genus is prepared to file such Motion for Leave, however, if the Court believes such a motion is appropriate or needed.

2

- On or before April 12, 2021, Genus will file an updated Motion for Summary Judgment on Counts I and II and, if applicable, any new Count(s) added in the Amended Complaint related to FDA's actions on remand.

- On or before April 30, 2021, Defendants and Lannett will each file a Consolidated Opposition to Genus's Motion for Summary Judgment and Cross-Motion for Summary Judgment.

- Within 10 days of the filing of Defendants' and Lannett's Consolidated Oppositions to Genus's Motion for Summary Judgment and Cross-Motions for Summary Judgment, Genus will file a Consolidated Reply in Support of its Motion for Summary Judgment and Opposition to Defendants' and Lannett's Cross-Motions for Summary Judgment.

- Within 10 days of the filing of Genus's consolidated Reply and Opposition, Defendants and Lannett will each file a Reply in Support of their Cross-Motions for Summary Judgment.

- As set forth below in its "Additional Statement," Genus intends also to move for the removal of FDA redactions on a small number of pages of FDA documents added to the record in this case by the Court's order of January 27, 2021, and intends to do so on or before April 12. The Federal Defendants will have 14 days to respond to Genus's motion, and Genus may file a reply thereafter. In the event that the Court rules in Genus's favor on a motion relating to FDA's redactions after summary judgment briefing has been completed, the parties contemplate and respectfully suggest to the Court short supplemental summary judgment briefing (to the extent needed) as to the additional unredacted text of the documents.

- The parties further request that the deadline for Defendants to answer the Amended Complaint be stayed pending resolution of the parties' cross-motions for summary judgment.

### FEDERAL DEFENDANTS' ADDITIONAL STATEMENT

On January 27, 2021, the Court granted Genus's motion to vacate but stayed the vacatur for 60 days, finding that "FDA can likely cure the deficiency on remand" and vacatur would have disruptive consequences. ECF No. 76 at 8. As explained in FDA's Status Report and attached memorandum, ECF Nos. 78, 78-2, FDA has received and reviewed Lannett's "no relevant patents" certification and concluded that the certification does not alter the agency's previous determination that Lannett's application was eligible to be approved on January 10, 2020. Because FDA has cured the deficiency identified by the Court, there is no longer a basis upon which to vacate FDA's approval of Lannett's application. Accordingly, the Defendants respectfully request that the Court immediately set aside the vacatur. Defendants join Lannett's request for a status conference if the Court is not inclined to set aside the vacatur.

Setting aside the vacatur is appropriate even though Genus intends to amend its Complaint to challenge FDA's determination regarding Lannett's "no relevant patents" certification. Such a challenge would pertain to an agency action that was not before the Court when it issued its January 27, 2021 Order and granted Genus's motion to vacate. Whether Genus is entitled to vacatur based on a new claim should be evaluated, in the first instance, following the parties' cross-motions for summary judgment.

### GENUS'S ADDITIONAL STATEMENT

As discussed in the Court's status conference of January 21, 2021, Genus anticipates that its Amended Complaint will address two recent developments in this case: (1) the content of the

4

documents added to the record by the Court's Order of January 27, 2021, and (2) the actions taken by FDA on remand regarding Lannett's failure to submit a patent certification. On the first point, Genus also contemplates moving for a Court order that certain redactions be removed from a small number of pages of FDA documentation made part of the record by the Court's January 27, 2021 Order. Both Genus's Amended Complaint and its motion on that issue will identify the specific relevance of those redactions to its claims. On the patent certification issue, Genus believes that FDA was incorrect in its decision on remand to assess Lannett's obligation to certify patents *as of September 21, 2017*. ECF No. 78-2 at 3-4. Genus contemplates addressing this issue both in its Amended Complaint and in updated summary judgment briefing, and notes that Genus currently has multiple active patents relevant to an appropriate Lannett certification. None of those patents were addressed by the certification Lannett provided to FDA. ECF No. 78-1.

    The Court's January 27, 2021 Order vacated Lannett's drug approval but stayed that vacatur for 60 days pending remand to FDA. That 60 day time period is now nearing expiration. Genus previously argued that immediate vacatur (without remand) was the appropriate remedy in this case for Lannett's failure to file a patent certification, ECF No. 66, but recognizes that the Court's January 27, 2021 Order did not adopt Genus's approach. ECF No. 76. Genus does not believe that FDA's actions on remand have cured the patent certification problem identified by this Court's ruling on Count III in this case. Given that Genus currently intends to address those issues in its Amended Complaint and renewed summary judgment briefing, the Court should consider extending its prior stay of the vacatur until the remaining issues in this case are resolved in accordance with the proposed briefing schedule set forth above, rather than lifting the vacatur it imposed in its Order on Count III of Genus' original Complaint. *See, e.g.*, 5 U.S.C. § 705 (court

"may issue all necessary and appropriate process . . . to preserve status or rights pending conclusion of the review proceedings").

As the Court has previously noted, Genus' current period of New Chemical Entity exclusivity is set to expire on December 14, 2022, and Genus is prejudiced every day of lost exclusivity. *See* ECF No. 76 at 9 ("If . . . vacatur of Lannett's approval is necessary, Genus would be prejudiced for every day of market exclusivity lost."). Accordingly, Genus is respectfully seeking to streamline and accelerate further proceedings as much as reasonably possible, consistent with the Court's schedule.

## **LANNETT'S ADDITIONAL STATEMENT**

If the vacatur is still in effect, the stay of vacatur expires in just two business days, at the end of the day on Monday, March 29, 2021. The vacatur of Numbrino's approval should be immediately set aside because the agency has acted on remand to address the sole defect this Court identified—indeed, this Court stayed the vacatur *because* the Court predicted that the agency would likely be able to address that issue within 60 days. ECF No. 76, at 8, 9. Genus has not yet challenged the agency's actions on remand approving Lannett's application, much less shown them to be insufficient. Accordingly, there is no longer any basis for vacating the original agency action, nor is there any basis for vacating the now-rehabilitated agency action. Formally setting aside the vacatur is appropriate. If the Court is not inclined to immediately set aside the vacatur, Lannett requests an immediate status conference to discuss this pressing matter.

Dated: March 25, 2021

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

MICHAEL D. GRANSTON
Deputy Assistant Attorney General

GUSTAV W. EYLER
Director

HILARY K. PERKINS
Assistant Director

/s/ Kathleen B. Gilchrist
KATHLEEN B. GILCHRIST
D.C. Bar No. 230445
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice, Civil Division
P.O. Box 386
Washington, D.C. 20044-0386
(202) 305-0489
Kathleen.b.gilchrist@usdoj.gov

*Attorneys for Federal Defendants*


/s/ Lori A. Rubin
Lori A. Rubin, DC Bar No. 1004240
David A. Hickerson, DC Bar No. 414723
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
(202) 672-5300
dhickerson@foley.com
larubin@foley.com

*Attorneys for Intervenor-Defendant Lannett Co., Inc.*

Respectfully submitted,

s/ Philip J. Perry
Philip J. Perry (DC Bar No. 434278)
John R. Manthei (DC Bar No. 447123)
Andrew D. Prins (DC Bar No. 998490)
Ryan S. Baasch (DC Bar No. 144370)
LATHAM & WATKINS LLP
555 Eleventh Street NW
Suite 1000
Washington, DC 20004
Tel.: (202) 637-2200
Fax: (202) 637-2201
Email: philip.perry@lw.com

*Attorneys for Plaintiff*